**FILED**

FEB 1 3 2009

Clerk, U.S. District and
Bankruptcy Courts



**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| EDWARD C. HUGLER,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br>200 Constitution Avenue, N.W.<br>Washington, D.C. 20210, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Case: 1:09-cv-00299<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign. Date : 2/13/2009<br>Description: Labor-ERISA |
| v. | ) ) | |
| COMMUNICATIONS WORKERS<br>OF AMERICA, AFL-CIO<br>501 3rd Street, N.W.<br>Washington, D.C. 20001, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## <u>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>

Plaintiff Edward C. Hugler, Acting Secretary of Labor, alleges as follows:

### <u>NATURE OF THE ACTION</u>

1. This action is brought under Title IV of the Labor-Management Reporting and

Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring that the June

23, 2008 election of union officers conducted by Communications Workers of America, AFL-

CIO (Defendant) for the offices of District 1 Vice President, District 3 Vice President, District 7

Vice President, and District 9 Vice President is void, and directing Defendant to conduct a new

election for these offices under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Edward C. Hugler is the duly designated Acting Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office at 501 3rd Street, N.W., City of Washington, District of Columbia.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, an International labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(a) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(a)).

7. Defendant, purporting to act pursuant to its Constitution conducted an election of officers on June 23, 2008, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

8. By letter dated September 2, 2008, to the International's President, the complainant, Carla Katz, a member in good standing of the Defendant, protested the June 23, 2008 election.

9. By letter dated September 16, 2008, to Katz, the National President denied the protest.

10. Having exhausted the remedies available and having received a final decision, the complainant filed a timely complaint with the Secretary of Labor on October 14, 2008, within the one calendar month required by section 402(a)(1) of the Act (29 U.S.C. § 482(a)(1)).

11. By letter signed November 13, 2008, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to January 13, 2009.

12. By letter signed December 12, 2008, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to February 13, 2009.

13. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's June 23, 2008 election; and (2) that such violations had not been remedied at the time of the institution of this action.

## CAUSE OF ACTION

### Violation of the Labor-Management Reporting and Disclosure Act, Section 401 (29 U.S.C. § 481)

14. Defendant violated section 401(f) of the Act, 29 U.S.C. § 481(f), during the conduct of the aforesaid election by failing to conduct its election in accordance with its Constitution which requires the election to be conducted by secret ballot vote at a convention of delegates.

15. Defendant violated section 401(c) of the Act, 29 U.S.C. § 481(c), during the conduct the aforesaid election by failing to provide adequate safeguards to insure a fair election in that

3

.

defendant provided ballots which were not secret but which would allow identification of the voter.

16. Defendant violated section 401(c) of the Act, 29 U.S.C. § 481(c), during the conduct of the aforesaid election by failing to provide adequate safeguards to insure a fair election in that observers were unable to observe the counting of the ballots.

17. The violations of sections 401(f) and 401(c) of the Act (29 U.S.C. §§ 481(f) and 481(c)) may have affected the outcome of the Defendant's election for the offices of District 1 Vice President, District 3 Vice President, District 7 Vice President, and District 9 Vice President.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(1) Declaring the Defendant's election for the offices of District 1 Vice President, District 3 Vice President, District 7 Vice President, and District 9 Vice President to be void;

(2) Directing the Defendant to conduct a new election for those offices under the supervision of the Plaintiff;

(3) For the costs of this action; and

(4) For such other relief as may be appropriate.

Respectfully submitted,

MICHAEL F. HERTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


PAUL A. MUSSENDEN,
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, NW, Room E4812
Washington, D.C. 20530
(202) 305-4740

OF COUNSEL:

CAROL A. DE DEO
Deputy Solicitor for National Operations

KATHERINE E. BISSELL
Associate Solicitor

SHARON E. HANLEY
Counsel for Labor-Management Programs

RADINE LEGUM
Attorney

U.S. Department of Labor